FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## Apr 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LYDIA G.,[1]

                    Plaintiff,

        v.

MARTIN O'MALLEY, Commissioner of
Social Security,[2]

                    Defendant.

No.    1:23-cv-03143-EFS

**ORDER REVERSING THE ALJ'S
DENIAL OF BENEFITS, AND
REMANDING FOR FURTHER
PROCEEDINGS**

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), he is hereby substituted for Kilolo Kijakazi as the defendant.

1    Due to arthritis, depression, pain throughout her body, dizziness and

2    vertigo, cervical and lumbar spine conditions, right shoulder condition, obesity, and

3    fibromyalgia, Plaintiff Lydia G. is unable to work fulltime and applied for disability

4    insurance benefits and supplemental security income benefits. She appeals the

5    denial of benefits by the Administrative Law Judge (ALJ) on the grounds that the

6    decision was tainted by reliance on a prior decision which was tainted by an

7    appointments clause violation, the ALJ improperly assessed Plaintiff's credibility,

8    and the ALJ improperly analyzed the opinions.  As is explained below, the ALJ's

9    decision was tainted by an appointments clause violation. This matter is remanded

10   for further proceedings.

## I.    Background

12   In August 2011, Plaintiff filed an application for disability benefits under

13   Title 2 and an application for supplemental security income under Title 16,

14   claiming disability beginning November 16, 2008, based on the physical and

15   mental impairments noted above.[3]

16   After the agency denied Plaintiff benefits, Plaintiff appeared before ALJ

17   Larry Kennedy with her representative.[4] Plaintiff and a vocational expert

---

[3] AR 1429, 220, 221, 242.

[4] AR 41-96.

testified.[5] After the hearing, ALJ Kennedy issued a decision denying benefits.[6] On July 2, 2015, the Appeals Council denied Plaintiff's request for review.[7]  Plaintiff filed suit in this Court and on January 19, 2017, Judge Lonny R. Suko issued a decision that found ALJ Kennedy's decision not supported by substantial evidence and remanded the case for further proceedings.[8]

Plaintiff appeared before ALJ Kennedy on October 22, 2018, for a second hearing pursuant to the remand order.[9]  Plaintiff testified and a vocational expert testified.[10]  On February 15, 2019, ALJ Kennedy issued an unfavorable decision.[11] Plaintiff filed suit in this Court.[12]  The case was remanded for further proceedings pursuant to a stipulated remand.[13] On January 28, 2021, Plaintiff appeared with

---

[5] Id.

[6] AR 17-40.  Per 20 C.F.R. §§ 404.1520(a)–(g) and 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled.

[7] AR 875-877.

[8] AR 881-899.

[9] AR 807-850.

[10] Id.

[11] AR 768-798.

[12] AR 1410-1411.

[13] AR 1412-1418.

her attorney for a hearing before ALJ Glenn Meyers (the ALJ).[14] Plaintiff testified and a vocational expert testified.[15] On May 20, 2021, the ALJ issued a partially favorable decision which found Plaintiff disabled on January 1, 2019.[16] Plaintiff requested review by the Appeals Council and on November 19, 2021, the case was remanded for further review.[17]

On June 28, 2022, Plaintiff's attorney appeared without her for a hearing before the ALJ.[18]  A vocational exert testified.[19] On November 22, 2022, Plaintiff appeared with her attorney for a supplemental hearing before the ALJ.[20] Plaintiff testified and a vocational expert testified.[21] On December 21, 2022, the ALJ issued an unfavorable decision.[22]  The decision noted that the Appeals Council had affirmed the portion of the prior decision which found Plaintiff disabled on January

---

[14] AR 1278-1305

[15] *Id.*

[16] AR 1425-1461.

[17] AR 1462-1468.

[18] AR 1306-1321.

[19] *Id.*

[20] AR 1322-1348.

[21] *Id.*

[22] AR 1241-1277.

1, 2019, and the relevant period to be considered was the time period from the

alleged onset date of November 16, 2008, through December 31, 2018.

      For the relevant period, the ALJ found Plaintiff's alleged symptoms were not

entirely consistent with the medical evidence and the other evidence.[23] As to

medical opinions: the ALJ found:

- The opinions of state agency evaluator Robert Hoskins, MD, entitled to little weight.

- The opinions of state agency evaluators Jeffrey Merrill, MD, and Renee Eisenhauer, PhD, to be entitled to significant weight.

- The opinions of state agency evaluator Matthew Comrie, PsyD, to be entitled to little weight.

- The opinions of treating source Heather McClure, ARNP, to be entitled to some weight.

- The opinions of treating source Kyle Heisey, MD, to be entitled to little weight.

- The opinions of consultative examiner Cecelia Cooper, PhD, to be entitled to some weight.

- The opinions of state agency consultant Faulder Colbyt, PhD, to be entitled to little weight.

---

[23] AR 1253.

1    • The opinions of state agency consultant Myrna Palasi, MD, to be

2    entitled to little weight.

3    • The opinions of state agency consultant Tae Im Moon, PhD, to be

4    entitled to little weight.

5    • The opinions of treating source Debra Titus, MD, to be entitled to

6    little weight.

7    • The opinions of treating source D. Joshua Miller, MD, to be entitled to

8    little weight.

9    • The opinions of examining source, Wendy Eider, MD, to be entitled to

10   little weight.[24]

11   As to the sequential disability analysis, the ALJ found:

12   • Step one: Plaintiff met the insured status requirements through June

13   30, 2011.

14   • Also at step one:  Plaintiff had not engaged in substantial gainful

15   activity since the alleged onset date of November 16, 2008, through

16   December 31, 2018.

17   • Step two: Plaintiff had the following medically determinable severe

18   impairments: cervical and lumbar spine conditions, right shoulder

19   condition, obesity, fibromyalgia, and depressive disorder.  The ALJ

20

21   _____

22   [24] AR 1259-1264.

23

DISPOSITIVE ORDER - 6

1    also found that vision disorders, acute gastroenteritis, wrist pain, and

2    elbow pain were non-severe.

3    • Step three: Plaintiff did not have an impairment or combination of

4      impairments that met or medically equaled the severity of one of the

5      listed impairments.

6    • RFC:  Plaintiff had the RFC to perform light work but with the

7      following exceptions:

8      she could lift and/or carry 10 pounds frequently and 10 pounds
       occasionally. She could understand, remember, and carry out
9      simple instructions and tasks. She could use judgment to make
       simple, work-related decisions. She could have frequent contact
10     with the public, coworkers, and supervisors. She could not
       perform overhead reaching. With the non-dominant right upper
11     extremity, she could reach occasionally at or below shoulder
       level. With the dominant left upper extremity, she could
12     frequently reach at or below shoulder level. She could frequently
       handle and finger. She could occasionally stoop, crouch, and
13     climb ramps and stairs. She could not crawl or kneel, and could
       not climb ladders, ropes, or scaffolds. She had to avoid
14     concentrated exposure to vibration. She could not work at
       heights or in proximity to hazardous conditions.

15   • Step four: Plaintiff was not able to return to her past relevant work as

16     a certified nurse assistant.

17   • Step five: considering Plaintiff's RFC, age, education, and work

18     history, Plaintiff could perform work that existed in significant

19     numbers in the national economy, such as a marker (DOT 209.587-

20

21

22

23

034), cashier II (DOT 211.462-010), and parking lot attendant (DOT 915.473-010.[25]

Plaintiff timely requested review of the ALJ's decision by the Appeals Council and now this Court.[26]

## II.    Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error,"[27] and such error impacted the nondisability determination.[28] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[29]

───────────────

[25] AR 1247-1265.

[26] AR 1657-1665.

[27] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[28] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[29] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not

### III.    Analysis

Plaintiff seeks relief from the denial of disability on three grounds. She argues the ALJ erred by relying on portions of a decision tainted with an appointments clause violation, when evaluating Plaintiff's subjective complaints, and when evaluating the medical opinions.  The Commissioner argues there was no error because the ALJ did not state that he was relying on the prior decision and the ALJ who issued the prior decision was appointed at the time the decision was issued, and that the ALJ properly evaluated Plaintiff's subjective complaints and considered that the medical record and Plaintiff's daily activities were not consistent with her allegations, and the ALJ properly evaluated the opinion evidence.  The Court disagrees with the Commissioner. As is explained below, the Court finds that the decision is tainted due its reliance on a decision that was by its own admission tainted with an appointments clause violation.

### A.    Appointments Clause Violation: Plaintiff establishes consequential error.

Plaintiff argues the ALJ decision is tainted by an appointments clause violation. She argues that at the time that ALJ Kennedy held a hearing in her case in 2013 and issued his decision, he was not properly appointed; that when he held a second

_____

simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

hearing in her case in 2018 and issued a decision in 2019 he should not have done

so because she was entitled to a hearing before another ALJ and that further he

adopted the finding of his 2013 decision; and that when the ALJ in the case at bar

issued his decision he adopted significant finding in the 2019 decision verbatim and

should not have done so because that decision was tainted.

      1.   <u>Standard</u>

      In 2018, the United States Supreme Court considered a challenge to the

constitutional validity of all ALJs and found that all ALJs are United States

officers subject to the Appointments Clause of the Constitution.[30]  The Supreme

Court found that ALJs appointed by various agencies, including the Social Security

Administration had not been properly appointed and were entitled to relief.[31]  The

Supreme Court stated that "the appropriate remedy for an adjudication tainted

with an appointments violation is a new hearing."[32] In 2021, the Court clarified

that a plaintiff seeking social security benefits was not required to exhaust the

issue at the administrative levels and could raise the issue for the first time on

judicial review.[33]

---

[30] *Lucia v SEC*, 138 S.Ct. 2044, 2055 (2018).

[31] *Id.*

[32] *Id.*

[33] *Carr v Saul*, 141 S.Ct. 1352, 1362 (2021).

1    In 2022, the Court of Appeals for the Ninth Circuit considered whether an

2    ALJ who was properly appointed at the time he held a hearing and issued a

3    decision had violated the appointments clause when he relied in part on his prior

4    decision.[34]  The Ninth Circuit held that the ALJ had violated the appointments

5    clause because the Plaintiff was entitled to a decision which was not "tainted" with

6    an appointments clause violation.[35] The Ninth Circuit found that the decision was

7    tainted both by the ALJ's reliance on the prior pre-ratification decision and because

8    the plaintiff was entitled to a fresh hearing by a different ALJ pursuant to *Lucia*.[36]

9    The Ninth Circuit stated that "claimants are entitled to an independent decision

10   issued by a different ALJ if a timely challenged ALJ decision is 'tainted' by a pre-

11   ratification ALJ decision."[37]

12        2.    <u>Analysis</u>

13        The Court must make a two-step determination which first assesses whether

14   the 2019 decision issued by ALJ Kennedy was a decision which was "tainted" by

15   the appointments clause and then assesses at the second step whether ALJ Meyers

16   relied upon the 2019 decision when he issued his decision in 2022.

17

18

19   _____

20   [34] *Cody v Kijakazi*, 48 F.4th 956 (9th Cir. 2022).

21   [35] *Id*. at 961.

22   [36] Id. at 963.

23   [37] *Id*.

DISPOSITIVE ORDER - 11

a.    *Whether the 2019 decision of ALJ Kennedy was tainted by an*
      *Appointments Clause Violation*

Initially, the Court notes that although ALJ Kennedy's appointment was ratified between the time that he issued his first decision in 2013 and the time that he issued his second decision in 2019, he should not have presided at the second hearing.  Pursuant to the Ninth Circuit's ruling of *Cody*, Plaintiff should have been offered a hearing before a different ALJ.

This violation was exacerbated by the fact that ALJ Kennedy stated, "I hereby adopt and incorporate the prior decision to the extent not inconsistent with the direction of the District Court and the subsequent evidence of record."[38]

The issue at bar is identical to that in *Cody*.  There is no doubt that ALJ Kennedy's 2019 decision was "tainted" by his explicit reliance on his prior pre-ratification decision from 2013.

b.    *Whether ALJ Meyers relied on and adopted the findings of ALJ*
      *Kennedy's "tainted" 2019 decision*

Having reviewed the record before it, the Court concludes that although ALJ Meyers did not explicitly state that he was adopting and incorporating the findings contained in ALJ Kennedy's 2019 decision, he did so, particularly with regard to his evaluation of the medical opinions of record.

---

[38] AR 771.

DISPOSITIVE ORDER - 12

1    While Plaintiff argues that ALJ Meyers adopted the findings of Dr. Heisey,

2    there is a more global pattern with regard to ALJ Meyers' consideration of the

3    medical records.

4    When discussing the opinions of Dr. Hoskins, for instance, ALJ Meyers

5    stated:

> I give little to no weight to the determination of State agency medical physician, Robert Hoskins, M.D., (Exhibits 3A and 4A), who in January 2012, determined that the claimant's only medically determinable physical impairment was obesity, which was not severe. The medical evidence received in the course of developing this case for review justifies a conclusion that the claimant has other severe physical impairments.[39]

This language is virtually verbatim to ALJ Kennedy's 2019 decision which

states:

> I give no weight to the determination of the State Agency medical physician, Robert Hoskins, M.D., (Exhibits 3A and 4A), who in January 2012, determined that the claimant's only medically determinable physical impairment was obesity, which was not severe. The medical evidence received in the course of developing this case for review justifies a conclusion that the claimant had other "severe" physical impairments. In addition, the State agency conducted a more recent medical review at the time of reconsideration, and rendered an updated determination.[40]

As a second example, ALJ Meyers' articulation of his consideration of

Dr. Palasi's opinion is also nearly verbatim. ALJ Meyers reasoned:

> For similar reasons, I give little weight to the March 2014 DSHS Review form completed by non-examining physician Myrna Palasi, M.D. (36F). She only reviewed some of the medical evidence of record

---

[39] AR 1259.

[40] AR 784.

(36F/1) and did not have a longitudinal understanding of the claimant's impairments and functioning. She offered no explanation about how the claimant's shoulder condition affects her gross or fine motor movement or her ability to sit, stand, or walk. As with Dr. Colby, she also gave no explanation regarding what the claimant could still do using the non-affected left upper extremity.[41]

This is identical to the language of ALJ Kennedy's 2019 decision which states:

> I give little weight to the March 2014 DSHS Review form completed by non-examining physician Myrna Palasi, M.D. (36F) because it is insufficiently supported. She only reviewed some of the medical evidence of record (36F/1) and did not have a longitudinal understanding of the claimant's impairments and functioning. She offered no explanation about how the claimant's shoulder condition affects her gross or fine motor movement or her ability to sit, stand, or walk. She also gave no explanation regarding what the claimant could still do using the non-affected left upper extremity.[42]

Other than adding the language "for similar reasons" at the beginning of the paragraph, and the language "as with Dr. Colby" at the beginning of the last sentence, ALJ Meyers has cut and pasted ALJ Kennedy's reasoning in the 2019 decision into his own.

The Court finds that Plaintiff correctly asserts that the majority of the reasoning providing by ALJ Meyers as to the weight given Dr. Heisey's opinions appears to have been copied from the 2019 decision issued by ALJ Kennedy.

_____

[41] AR

[42] AR 1262.

1    Accordingly, the Court concludes that Plaintiff has met the burden in

2    showing that the 2022 decision issued by ALJ Meyers adopted and incorporated

3    the language and reasoning of the 2019 decision issued by ALJ Kennedy.

4         3.    Summary

5         The Court concludes that the 2019 decision issued by ALJ Kennedy was

6    tainted by an Appointments Clause violation both because Plaintiff's case should

7    have been heard by a different ALJ and because ALJ Kennedy explicitly stated

8    that he adopted and incorporated the finding of his pre-ratification decision issued

9    in 2013.  The Court concludes that although ALJ Meyers did not explicitly state

10   that he adopted the findings and reasoning of ALJ Kennedy's 2019 decision, the

11   language in the decision clearly evidences that he has done so.  Because ALJ

12   Meyers' 2022 decision is "tainted" pursuant to the Ninth Circuit ruling in *Cody*, a

13   remand is warranted.  On remand, a new ALJ shall be appointed who shall offer

14   Plaintiff a de novo hearing.

15   **B.    Medical Opinions: Plaintiff established consequential error.**

16        Plaintiff argues the ALJ failed to properly assess the medical opinions.   As

17   discussed above, the Court concludes that the ALJ erred in adopting and

18   incorporating the reasoning contained in ALJ Kennedy's 2013 and 2019 decisions.

19   **C.    Plaintiff's Symptom Reports: The Court finds this issue moot.**

20        Plaintiff argues that the ALJ erred in considering her subjective complaints.

21   As discussed above, the ALJ on remand shall be required to consider the medical

22   evidence and will be required to consider Plaintiff's subjective complaints as to

23

their consistency with the medical record and record as a whole. Accordingly, this issue is moot.

**D.    Remand for Further Proceedings**

Plaintiff submits a remand for payment of benefits is warranted. The decision whether to remand a case for additional evidence, or simply to award benefits, is within the discretion of the court."[43] When the court reverses an ALJ's decision for error, the court "ordinarily must remand to the agency for further proceedings."[44]

The Court finds that further development is necessary for a proper disability determination. The specific relief mandated by the ruling case law is to be offered a new hearing before a different ALJ.

### IV.    Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1.    The ALJ's nondisability decision is **REVERSED**, and this matter is

       **REMANDED** to the Commissioner of Social Security for further

---

[43] *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

[44] *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke* 379 F.3d at 595 ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A new ALJ is to be appointed in this matter.

2.      The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 8 and 16**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 10th day of April, 2024.

_Edward F. Shea_

EDWARD F. SHEA
Senior United States District Judge